IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-77,570-01






EX PARTE RONNIE LANDON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W94-00859-L IN THE CRIMINAL DISTRICT COURT #5


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to sixty years' imprisonment. The Fourth Court of Appeals affirmed his
conviction. Landon v. State, No. 04-94-00737- CR (Tex. App. - San Antonio, March, 20, 1996). 
 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to advise him of his right to petition pro se for discretionary review. The State argues that
Applicant's claim should be barred by the doctrine of laches because Applicant's approximately
fourteen-year delay in seeking relief has prejudiced the State in its ability to respond to Applicant's
allegations. Applicant's appellate counsel submitted an affidavit, in which he states that he no longer
has his file from this case and has very little personal recollection of his actions in the case. 
Appellate counsel cannot say with any certainty whether he did or did not advise Applicant of his
right to file a pro se petition for discretionary review. The trial court entered findings of fact and
conclusions of law recommending that Applicant be granted the opportunity to file an out-of-time
PDR in the interest of justice. 

 At the time of the trial court's findings of fact, conclusions of law and recommendation to
this Court, neither the trial court nor the parties had the benefit of this Court's decision in Ex parte
Perez, No. AP-76,800 (Tex. Crim. App. 2013). Therefore, this Court hereby remands the matter to
give the trial court the opportunity to reconsider the issue and make further findings as necessary in
light of this Court's opinion in Perez.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
claim should be barred by the doctrine of laches. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: June 26, 2013

Do not publish